IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 45COMMITTEE, INC.,<br>P.O. Box 710993<br>Herndon, VA 20171,<br><br>   *Plaintiff*,<br>  v.<br><br>FEDERAL ELECTION COMMISSION<br>1050 First Street N.E.<br>Washington, D.C. 20463,<br><br>   *Defendant*. | Civil Action No. 1:22-cv-00502<br><br>**COMPLAINT** |

Plaintiff 45Committee, Inc., by and through its undersigned attorneys, alleges as follows:

## INTRODUCTION

1. 45Committee, Inc. ("45Committee") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to enjoin the Federal Election Commission (the "FEC" or "Commission") from improperly withholding records responsive to 45Committee's FOIA request submitted on November 19, 2021 (the "Request").

2. 45Committee seeks the FEC's unredacted voting records related to an administrative complaint filed against 45Committee in 2018. 45Committee believes that the six-member Commission held a vote on the administrative complaint long ago and lacked the necessary four votes to proceed with an investigation—thus terminating the administrative complaint. 45Committee further believes that some at the FEC have arbitrarily and capriciously prevented the record of the

Commission's dismissal vote to be released publicly, all in an effort to try to force 45Committee into civil litigation to defend against the administrative complaint's allegations without any input from the agency delegated exclusive enforcement authority over the federal campaign-finance laws.

3. FOIA itself unambiguously requires the FEC to disclose its voting records in such enforcement matters, but the FEC has improperly withheld the responsive voting records in full with a blanket assertion of FOIA Exemption 5—even though it is nonsensical for an agency to assert that records reflecting its final decisions are both deliberative and predecisional. The Court should order the FEC to promptly release the voting records that the Commission is withholding in violation of FOIA. After awarding 45Committee its attorneys' fees, the Court should issue a written finding that the FEC acted arbitrarily and capriciously by withholding the responsive records because the FEC lacked any legal basis to withhold its voting records under FOIA Exemption 5.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. 45Committee is deemed to have constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) because the FEC has not complied with the applicable time-limit provisions of FOIA.

**PARTIES**

7. Plaintiff 45Committee is an independent, social welfare organization tax exempt under section 501(c)(4) of the Internal Revenue Code. 45Committee was established to engage primarily in the policy debate on key national issues and in particular to educate Americans on public policy issues expected to face the 45th President of the United States (whoever that may have ended up being).

8. Defendant FEC is an independent federal agency headquartered in Washington, D.C., subject to FOIA under 5 U.S.C. § 552, and has possession or control of the records requested by 45Committee that are the subject of this action.

**STATEMENT OF FACTS**

9. On November 19, 2021, 45Committee submitted its FOIA Request to the FEC seeking: (1) Any vote certifications reflecting votes taken by the Commission on the complaint against 45Committee in FEC Matter Under Review 7486 ("MUR 7486"); and (2) Any Statements of Reasons or other Commissioner opinions concerning the complaint against 45Committee in MUR 7486. Attached as Exhibit 1 is a copy of the Request. The FEC assigned #2022-012 to the Request.

10. On January 5, 2022, the FEC responded to the Request (the "Response"). Attached as Exhibit 2 is a copy of the Response.

11. In its Response, the Commission granted in part and denied in part the Request. *See* Exhibit 2. Attached to its Response, the Commission provided a two-page document that it deemed responsive to 45Committee's Request. *Id*. That document is an "Amended Certification" from Acting Deputy Secretary of the

Commission Vicktoria J. Allen reflecting votes taken by the FEC's Commissioners on June 23, 2020, regarding MUR 7486. *Id.* (capitalization altered). But the FEC heavily redacted almost all of that document under FOIA Exemption 5. *Id.*; *see* 5 U.S.C. § 552(b)(5). The only substantive portion of the document that the FEC left unredacted concerns a Commission vote held on whether the agency should defend itself in a lawsuit, which portion of the document is not even responsive to the Request. *See* Exhibit 2. The Response also stated that the Commission was withholding an additional "five pages of materials responsive to [45Committee's] request" under Exemption 5, but the FEC did not even attempt to segregate the exempt information from the non-exempt information in those pages. *Id.* In short, the Commission redacted or withheld all information responsive to the Request under Exemption 5.

12. 45Committee administratively appealed the FEC's decision on January 7, 2022 (the "Appeal"). Attached as Exhibit 3 is a copy of the Appeal.

13. In the Appeal, 45Committee argued that the FEC improperly withheld information under Exemption 5 because FOIA itself requires disclosure of Commissioners' votes. *See* Exhibit 3 (citing 5 U.S.C. § 552(a)(5) ("Each agency having more than one member shall maintain and make available for public inspection a record of the final votes of each member in every agency proceeding.")). 45Committee further argued that, even if FOIA Exemption 5 were available to the FEC here, the withheld materials are not subject to Exemption 5 because the Commission's final decisions are neither predecisional nor deliberative. *See id.*

4

(citing *Aug v. Nat'l R.R. Passenger Corp.*, 425 F. Supp. 946, 950–51 (D.D.C. 1976) (rejecting claim that votes, and any explanations of those votes, are subject to FOIA Exemption 5)). Moreover, 45Committee argued, even if the withheld documents contain some information exempt from disclosure under Exemption 5, the FEC cannot categorically withhold those documents in full but must segregate and disclose the non-exempt portions of those records. *See id*. (citing *Valfells v. CIA*, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (explaining that the agency must provide "a 'detailed justification' and not just 'conclusory statements' to demonstrate that all reasonably segregable information has been released")).

14. On February 7, 2022, by telephone call to counsel for 45Committee, the Commission invoked extraordinary circumstances to extend the statutory deadline to respond to the appeal by 10 working days—to and including February 22, 2022.

15. Because the FEC did not respond to 45Committee's Appeal by February 22, 2022, Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

16. 45Committee has a statutory right to the withheld records, and is now entitled to judicial action enjoining the Commission from continuing to improperly withhold records and ordering the production of records improperly withheld.

## CLAIM FOR RELIEF

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

17. 45Committee incorporates by reference the allegations contained in the previous paragraphs as though set forth fully herein.

18. FOIA authorizes a court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

19. 45Committee properly requested records within the possession and control of the FEC.

20. The FEC is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

21. 45Committee exhausted all of its administrative remedies under FOIA and the FEC's regulations.

22. The FEC is wrongfully withholding non-exempt agency records requested by 45Committee under FOIA Exemption 5. FOIA itself requires the FEC to "make available for public inspection a record of the final votes of each member in every agency proceeding" and "final opinions." 5 U.S.C. § 552(a)(5), (a)(2)(A). The FEC's own regulations likewise require the Commission to make available for public inspection "[o]pinions of Commissioners rendered in enforcement cases." 11 C.F.R. § 4.4(a)(3). The FEC failed to comply with these unambiguous requirements in withholding the voting records responsive to the Request.

23. In addition, the FEC is improperly withholding the requested voting records under FOIA Exemption 5 because the Commission's final decisions are neither predecisional nor deliberative. Even assuming Exemption 5 applies to some portions of the withheld voting records, the FEC failed to segregate the exempt

6

material and disclose the non-exempt material, as required by both FOIA and the FEC's implementing regulations. *See* 5 U.S.C. § 552(a)(8)(A)(ii)(II); 11 C.F.R. §§ 4.4(e), 4.5(c). The FEC's failure to provide all non-exempt responsive records violates FOIA.

24. The FEC also acted arbitrarily or capriciously with respect to the withholding of the voting records responsive to the Request because the Commission had no legal basis to withhold the responsive documents under Exemption 5. *See* 5 U.S.C. § 552(a)(4)(F)(i).

25. 45Committee is therefore entitled to declaratory and injunctive relief requiring the FEC to promptly produce all non-exempt records responsive to the Request and to provide an index justifying the withholding of any responsive records withheld under Exemption 5.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. A declaration that 45Committee is entitled to disclosure of the requested voting records under FOIA;

2. A declaration that the FEC acted arbitrarily or capriciously by withholding the requested voting records because the FEC lacked a legal basis to withhold the responsive documents under FOIA Exemption 5;

3. An order requiring the FEC to promptly produce the voting records responsive to 45Committee's FOIA Request;

4.      An injunction prohibiting the FEC from continuing to withhold any and all voting records responsive to 45Committee's FOIA Request;

5.      An order requiring the FEC to promptly produce an index justifying the withholding of any responsive records withheld under Exemption 5;

6.      That the Court retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

7.      An award of all costs and attorneys' fees pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

8.      Any other relief this Court deems just and proper.

Dated: February 25, 2022          Respectfully submitted,

*/s/ Brett A. Shumate*

Brett A. Shumate
   (D.C. Bar No. 974673)
Eric J. Snyder (D.C. Bar No. 1001610)
   (application for admission forthcoming)
E. Stewart Crosland (D.C. Bar No. 1005353)
   (application for admission forthcoming)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Plaintiff*