UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 45COMMITTEE, INC., | ) |
| Plaintiff, | ) Civ. No. 22-502 (ABJ) |
| v. | ) |
| | ) OPPOSITION AND |
| FEDERAL ELECTION COMMISSION, | ) REPLY MEMORANDUM |
| Defendant. | ) |

**FEDERAL ELECTION COMMISSION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

Harry J. Summers
Assistant General Counsel
hsummers@fec.gov

Greg J. Mueller (D.C. Bar. No. 462840)
Attorney
gmueller@fec.gov

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, DC 20463
(202) 694-1650

August 5, 2022

## TABLE OF CONTENTS

                                                                                  **Page**

I.      INTRODUCTION ............................................................................................................1

II.     THE MATERIAL PLAINTIFF SEEKS HERE IS PERMISSIBLY WITHHELD UNDER FOIA EXEMPTION 5 ON THE BASIS OF THE DELIBERATIVE PROCESS PRIVILEGE ..................................................................2

        A.      Contrary to Plaintiff's Claims, the Withheld Material Does Not Reflect a Final Decision of the FEC ..................................................2

        B.      The FEC Showed That the Withheld Material Reflects the Give and Take of the Agency's Decision-Making Process .....................................7

        C.      It Was Permissible to Foresee Harm from Release of the Withheld Material ..................................................................................................8

III.    CONCLUSION...........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Judicial Watch, Inc. v. Dep't of Com.*, No. 17-1283,
  2020 WL 6939807 (D.D.C. Nov. 25, 2020) .............................................................................. 9

*Judicial Watch, Inc. v. U.S. Dep't of Just.*, 20 F.4th 49 (D.C. Cir. 2021) ...................................... 8

*Khatchadourian v. Def. Intel. Agency*, No. 16-311
  2022 WL 971206 (D.D.C. Mar. 31, 2022) .......................................................................... 1, 7

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975) ............................................................ passim

*SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197 (D.C. Cir. 1991) ....................................................... 5

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777 (2021) ..................................... 2, 8

**Statutes**

5 U.S.C. § 552 ................................................................................................................................ 1

5 U.S.C. § 552(a)(2)(A) ................................................................................................................. 2

5 U.S.C. § 552(a)(5) ....................................................................................................................... 2

5 U.S.C. § 552(a)(8)(A)(i)(I) ......................................................................................................... 1

52 U.S.C. §§ 30101-46 .................................................................................................................. 2

**Miscellaneous**

*Symposium on Campaign Finance Enforcement: A Comparative View*,
  11 J. L. & Pol. 1 (1995) ........................................................................................................... 7

**I.    INTRODUCTION**

The Federal Election Commission ("FEC" or "Commission") showed in its opening brief that it has permissibly withheld, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, portions of the three documents at issue in this case. (FEC's Mem. in Supp. of Mot. for Summ. J. ("Mot.") (June 24, 2022) (ECF No. 18).) In particular, the FEC demonstrated (Mot. at 7-18) that the withheld material is allowably treated as exempt under FOIA Exemption 5 because it reflects the agency's deliberative process in Matter Under Review ("MUR") 7486. That administrative enforcement matter remains open, pursuant to the agency's well-established administrative procedure, because there has been no vote closing the file. The information at issue may thus legitimately be treated as predecisional. Because that information may also be considered deliberative in that it reflects the give-and-take of the agency's decision-making process, and because it was permissible to foresee harm to that process from premature disclosure, including public confusion, the information was permissibly withheld under the deliberative process privilege. *See Khatchadourian v. Def. Intel. Agency*, No. 16-311, 2022 WL 971206, at *10–11 (D.D.C. Mar. 31, 2022); 5 U.S.C. § 552(a)(8)(A)(i)(I).

Plaintiff's response fails to present a basis to compel the release of this information. (*See* Pl.'s Mem. of P. & A. in Supp. of Pl.'s Cross-Mot. for Summ. J. and Opp'n to Def's Mot. for Summ. J. ("Opp.") (July 15, 2022) (ECF No. 19-1).) Rather than addressing the detailed showing the Commission made that the deliberative process privilege was permissibly invoked here, plaintiff relies primarily on conclusory assertions that MUR 7486 should be considered closed, and claims that FOIA "requires" disclosure even if the privilege does apply, citing a 1975 Supreme Court decision. *See id.* at 3-9; *NLRB v. Sears, Roebuck & Co.* ("*Sears*"), 421 U.S. 132 (1975). However, plaintiff's claims about the status of MUR 7486 rely on speculation about past

1

and future agency proceedings, and in any event those claims are contrary to the agency's longstanding practice. Further, the decision in *Sears* actually supports the FEC's position in this case, because that decision recognized that the privilege applies where, as here, an administrative enforcement matter remains open and subject to further proceedings. In *Sears*, it was only after agency officials had made final, binding determinations that the privilege no longer protected the materials sought under FOIA. The FEC's motion for summary judgment should be granted.

II. **THE MATERIAL PLAINTIFF SEEKS HERE IS PERMISSIBLY WITHHELD UNDER FOIA EXEMPTION 5 ON THE BASIS OF THE DELIBERATIVE PROCESS PRIVILEGE**

   A. **Contrary to Plaintiff's Claims, the Withheld Material Does Not Reflect a Final Decision of the FEC**

The FEC showed that it was permitted to treat the withheld portions of the vote certifications and the statement of reasons at issue here as predecisional because the file in the administrative enforcement matter of which they are a part, MUR 7486, has not been closed. (Mot. at 8-13.) The agency's customary termination of proceedings has not occurred, the matter remains subject to further agency actions, and Commissioners remain "free to change their minds." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021).

In response, plaintiff argues at length that the documents at issue here really are "final," or should be treated as final, and so FOIA requires their public release. (Opp. at 3-11 (citing 5 U.S.C. § 552(a)(5) and (a)(2)(A).) But in all this argument, plaintiff fails to refute the Commission's showing (Mot. at 8-13) that the votes and statements are not final, and disclosure is not required, because the agency's policy and practice has long been that only accepted motions that explicitly close MUR files function as dismissals or terminate agency proceedings in the administrative enforcement context. The FEC demonstrated that the Federal Election Campaign Act, 52 U.S.C. §§ 30101-46 ("FECA"), FEC regulations, examples of prior FEC

2

MURs, and case law from the D.C. Circuit all support that conclusion. And the FEC explained that what is publicly known about MUR 7486, including the lack of any final notification to the respondent 45Committee and the lack of a public release of the MUR file, makes clear that the customary termination of proceedings has not occurred in that matter.

Some of 45Committee's arguments to the contrary amount to simply asserting that MUR 7486 must be considered closed, regardless of the agency's longstanding practice, because it is likely that there has been an unsuccessful vote to find reason to believe a FECA violation occurred. In particular, plaintiff claims (Opp. at 6) that MURs like 7486 should be considered closed whenever there are not four votes to proceed with enforcement of FECA, because the status or default at that point is non-enforcement. But the default in such a situation under agency practice has not been file closure or MUR termination — those have always required four votes. While plaintiff argues that votes to close MUR files have been treated as ministerial (Opp. at 8), such votes are not automatic, and without them enforcement matters remain open with the potential for deliberations and further decisions. This has occurred on a number of past occasions, as the FEC showed. (Mot. at 11-12.) Indeed, new developments can change an enforcement landscape. For example, a new FEC commissioner was recently confirmed and sworn in to replace a retiring commissioner, so the agency now has a different composition in evaluating enforcement matters.[1]

In arguing that FOIA requires disclosure of these materials, plaintiff relies heavily on *Sears* (Opp. at 1, 3-7), but in fact that case strongly supports the FEC's position here. In *Sears*, a FOIA case that concerned NLRB investigative materials withheld pursuant to the deliberative

---

[1]   *See* FEC, Press Release: Dara Lindenbaum sworn in as Commissioner (Aug. 2, 2022), https://www.fec.gov/updates/dara-lindenbaum-sworn-in-as-commissioner/.

process privilege, the Supreme Court explained that "[c]rucial to the decision of this case is an understanding of the function of the documents in issue in the context of the administrative process which generated them." 421 U.S. at 138. Notably, the Court did not presume the administrative matter under review was final on the basis of speculation about the likelihood of further proceedings, as plaintiff urges the court to do here (Opp. at 4-9), nor did it state, as plaintiff appears to claim (*id*. at 3), that FOIA requires disclosure of materials even if they are part of an open matter. Instead, in evaluating whether the deliberative process privilege applied, the Court examined the administrative context and drew a careful distinction between agency documents that effected final, binding determinations, and those that, like the MUR 7486 material at issue here, were part of a matter still open for further proceedings.

In *Sears*, the plaintiff had made a FOIA request for advice memoranda and appeal memoranda issued by the NLRB General Counsel's office in Washington, DC. 421 U.S. at 138-48. In the documents at issue, that General Counsel's office provided determinations on pending charges to NLRB Regional Directors in regional offices. *Id.* at 138-40. Based on those binding determinations, the Regional Directors were required to either keep an enforcement matter open and proceed to the next step in the NLRB's administrative process, which was a complaint before the board, or to dismiss the matter, a final, unreviewable step that concluded the matter.

In evaluating whether such documents were predecisional, the Court in *Sears* reviewed the agency's process and drew distinctions leading to outcomes that are similar to the FEC's disclosure policy and the position in the opening brief here. When the General Counsel's advice and appeal memoranda left the administrative matter open before the NLRB, directing regional offices to pursue further administrative proceedings before the board, FOIA Exemption 5 protected the memoranda from disclosure because they did not "finally dispose" of the case.

421 U.S. at 159-60.  The Court weighed intruding on the development of theories of the case, strategy, or settlement advice against the public's reduced interest in disclosure where the information sought was not yet final or precedential, and it determined that Exemption 5 applied.  This status is comparable to that of MUR 7486 in this case, where documents do reflect prior agency activity on the matter (votes and a statement of reasons), but under the agency's established practice, the matter has not been finally disposed of.

By contrast, the *Sears* Court determined that, where the General Counsel advice or appeal memorandum had made a final, binding determination that further proceedings would not take place and the specific complainant would be denied relief, the matter was at an end, and FOIA Exemption 5 did not apply.  421 U.S. at 155.  "In the case of decisions not to file a complaint, the memoranda effect [a] 'final'[] 'disposition' . . . — representing, as it does, an unreviewable rejection of the charge filed by the private party."  *Id.*  Disclosure of the memoranda in such closed matters "would not intrude on predecisional processes, and protecting them would not improve the quality of agency decisions, since when the memoranda are communicated to the Regional Director, the General Counsel has already reached his decision, and the Regional Director who receives them has no decision to make — he is bound to dismiss the charge."  *Id*. at 155.  That status stands in contrast to the situation in MUR 7486, where there has been no binding decision and further developments remain possible.

Thus, far from requiring disclosure of the information at issue here, *Sears* supports the FEC's withholding of it because it remains predecisional in nature.  And the D.C. Circuit has followed the same approach and made the same distinction in more recent cases.  *See*, *e.g.*, *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1203 (D.C. Cir. 1991) (considering "whether the

5

documents are pre-decisional, or whether they were adopted by, or expressly incorporated into, *final decisions of the agency*") (emphasis added).

In arguing that the material at issue is not predecisional, plaintiff also relies heavily (Opp. 4-6, 7-9) on recent statements by three FEC commissioners arguing that certain unidentified MURs should be considered closed, but that reliance is unavailing. First, plaintiff has not shown that one of those matters is MUR 7486. Plaintiff misleadingly conflates the two separate statements, only one of which references that MUR or this litigation. Page four of plaintiff's brief is a notable example. Plaintiff quotes the word "concluded" from a public statement by three Commissioners, but that statement merely expresses a view that FEC matters should be considered closed when three or more Commissioners believe they should end.[2] Plaintiff then quotes a separate statement for a "final votes on the merits of the[] complaint[]" quotation in the same textual sentence, but that quoted statement does *not* identify MUR 7486.[3] Indeed, the votes taken and identification of Commissioner positions as to MUR 7486 itself is the protected information at the heart of the summary judgment motions under review here.

In any event, it takes four votes to end an FEC enforcement matter. It also takes four

---

[2] *See* Opp. at 4 (quoting Statement of Chairman Allen Dickerson and Commissioners Sean J. Cooksey and James E. "Trey" Trainor, III Regarding Freedom of Information Act Litigation, June 28, 2022, https://www.fec.gov/resources/cms-content/documents/Statement-re-FOIA-Litigation-6.28.2022-Dickerson-Cooksey-Trainor.pdf at 3 for the "concluded" quotation in the textual sentence).

[3] *See* Opp. at 4 (quoting Statement of Chairman Allen J. Dickerson and Commissioners Sean J. Cooksey and James E. "Trey" Trainor, III Regarding Concluded Enforcement Matters, May 13, 2022, https://www.fec.gov/resources/cms-content/documents/Redacted_Statement_Regarding_Concluded_Matters_13_May_2022_Redacted.pdf at 1 for the "final votes on the merits of the[] complaints[]" quotation in the textual sentence). Plaintiff apparently left it to the Court to sort out somehow that the "(citing this FOIA case)" parenthetical appended to one citation was applicable to only one of the two quotations in the sentence supported by a joint citation.

votes to grant a FOIA appeal seeking the release of documents, and the FOIA appeal in this case did not garner four votes. (Hajjar Decl. ¶ 13, ECF No. 18-1.) And other FEC commissioners have disagreed with the views of the three commissioners on which plaintiff relies. *See*, *e.g.*, Statement of Commissioner Ellen L. Weintraub On the Opportunities Before the D.C. Circuit in the *New Models* Case To Re-Examine *En Banc* Its Precedents Regarding "Deadlock Deference" at 2-3, 9-16 (Mar. 2, 2022) ("Weintraub Statement") (contending that further Commission action remains possible in matters until there are successful motions to close the file), https://www.fec.gov/resources/cms-content/documents/2022-03-02-ELW-New-Models-En_Banc.pdf.[4]

In sum, it was permissible to determine that the information at issue is predecisional.

### B. The FEC Showed That the Withheld Material Reflects the Give and Take of the Agency's Decision-Making Process

The FEC also showed (Mot. at 13-15) that it was permissible to find that the withheld material was deliberative in nature because it "reflects the 'give-and-take' of the consultative process." *Khatchadourian*, 2022 WL 971206, at *10. The FEC explained (Mot. at 14-15) the role these documents can play in that process, potentially leading commissioners to develop their views, reach compromises, and ultimately reach different results on a given matter.

---

[4] An exchange from decades ago demonstrates a previous understanding that it would be possible for Commissioners to have a series of votes in a MUR without a successful vote to close the file. In 1995, at an American Bar Association symposium, it was noted that a "previous General Counsel of the Commission [had been] asked the question on a case that looked like it was heading for a 3-3 split." *Symposium on Campaign Finance Enforcement: A Comparative View,* 11 J. L. & Pol. 1, 12 (1995) (quoting then-FEC General Counsel Lawrence M. Noble). The previous General Counsel had been asked, "[w]hat happens if the Commissioners split 3-3, and just turn to you and say we're not going to close the file?" *Id.* The General Counsel in 1995 explained that in that eventuality he "would just send the case back up every week until something happens." *Id.* He further noted that (as of that time) "in practice what happens after a 3-3 vote is that the Commission then votes unanimously to close the file and make the matter public." *Id.*

Plaintiff argues (Opp. at 10-12) that the documents at issue here merely "memorialize" agency actions and that the FEC has not shown how they play a role in helping the agency reach later decisions, but the record belies those claims. The FEC showed (Mot. at 9-10) that FEC votes have been interim steps in past MURs, as matters proceed to different ultimate outcomes, even though the voting records do not include detailed analysis, because they "reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *Sears*, 421 U.S. at 153. And the statement of reasons, which obviously does reflect the reasoning of FEC commissioners, has even clearer potential to alter the course of the deliberative process in advance of a final decision on an administrative enforcement matter. Even if further activity in the MUR appears unlikely at this time, as plaintiff argues, the key question is whether the withheld material reflects deliberation and group thinking in advance of a final decision in the matter. That is the case here.

  C.  **It Was Permissible to Foresee Harm from Release of the Withheld Material**

Finally, the FEC showed (Mot. at 15-18) that it was permissible to foresee harm from disclosure of the material at issue here. As the FEC noted, revealing agency deliberations piece by piece before an enforcement matter closes would inhibit Commissioners' ability to develop their views and "change their minds" about MUR 7486, *U.S. Fish & Wildlife Serv.*, 141 S. Ct. at 786, while running the risk of "confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action," *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 20 F.4th 49, 54 (D.C. Cir. 2021).

Plaintiff argues (Opp. at 12-14) that the FEC has not demonstrated harm in sufficient detail and that such harm is at best "theoretical," again relying heavily on one of the statements

8

by three FEC commissioners, as well as cases involving far more extensive privileged material supported with cursory and blanket claims of harm. However, the FEC has provided a "meaningful explanation" (Opp. 13) for this context, showing how premature disclosure of the withheld material would harm agency deliberation in MUR 7486 by revealing agency deliberations to the MUR respondents, the media, and the public. Indeed, while plaintiff focuses on its claim that disclosure of the materials at issue here is unlikely to chill future deliberations, it fails to address the public confusion that would result from premature disclosure of such material, which in this context would operate in a manner similar to a draft document. *See* Mot. at 16; *Judicial Watch, Inc. v. Dep't of Com.*, No. 17-1283, 2020 WL 6939807, at *6 (D.D.C. Nov. 25, 2020) (approving agency withholding of a category of draft statements which if released "would cause significant public confusion").

In addition, with regard to the functioning of the agency itself, the FEC showed (Mot. at 17) that disclosure of this material now would present a significant threat to agency deliberations because it would effectively override the agency's longstanding policy and practice in handling administrative enforcement matters (Mot. at 10-12). If Commissioner votes and statements pre-dating closure of the MUR file were deemed to actually constitute "final decisions" and were required to be released prior to that closure, it could result in dismissal of this matter and other enforcement matters when that was not the will of a majority of Commissioners. Indeed, three Commissioners could effectively dismiss a matter at any time. And deeming FEC enforcement matters to have automatically terminated every time a vote to move forward with an investigation, or with another step in the FEC's enforcement process, did not reach the four-vote threshold would wreak havoc on that process as it has traditionally been understood — prematurely ending matters and denying Commissioners the ability to try different approaches to

reach consensus, or indeed to do anything more on a matter, after one vote had failed to succeed. This has been explained not just by agency counsel, but by a Commissioner as well. *See* Weintraub Statement at 9 (Mar. 2, 2022) ("If a failed [reason-to-believe] motion automatically dismissed the matter, this longstanding practice of persistent attempts to achieve the bipartisan consensus Congress and the courts have sought to encourage would have been impossible."). It was permissible to foresee harm in that scenario.

### III.   CONCLUSION

The FEC permissibly withheld portions of the three records at issue on the basis of the deliberative process privilege, pursuant to FOIA Exemption 5. Therefore, the Court should grant the FEC's motion for summary judgment.

Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov<br><br>Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov<br><br>Harry J. Summers<br>Assistant General Counsel<br>hsummers@fec.gov | /s/ Greg J. Mueller<br>Greg J. Mueller (D.C. Bar. No. 462840)<br>Attorney<br>gmueller@fec.gov<br><br>COUNSEL FOR DEFENDANT<br>FEDERAL ELECTION COMMISSION<br>1050 First Street, NE<br>Washington, DC 20463<br>(202) 694-1650<br><br>August 5, 2022 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I served the foregoing pursuant to Fed. R. Civ. P. 5(b)(2)(E) on counsel of record, as a registered ECF user, through the Court's ECF system.

    */s/ Greg J. Mueller*
Greg J. Mueller (D.C. Bar No. 462840)
Attorney
gmueller@fec.gov